[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 4712
The plaintiff, Michael E. Looram, d/b/a Sullivan Engineering Associates, has brought this action seeking foreclosure of a mechanic's lien on property of the defendant, Clifford J. Heilig. Alternatively the plaintiff seeks money damages for services he alleges that he rendered pursuant to a contract with the defendant.
As a threshold issue, the defendant denies having entered into any contract with the plaintiff. As to that issue, the court finds the facts to be as follows. The defendant is a retired land developer who has long lived in Guilford and developed a residential subdivision known as Whitfield Hills. In connection with that subdivision the defendant had hired a firm headed by civil engineer and land surveyor Russell Waldo, and some of the work the defendant entrusted to that firm over the years was performed by Richard Sullivan, who was associated with the Waldo firm in various capacities until he began his own engineering and surveying firm, Sullivan Engineering Associates, in the mid-1980's. In late March or early April of 1992, the defendant called Mr. Sullivan and asked him to survey and prepare a map of two properties in Guilford suitable for submission to the local planning and zoning authorities upon an application for subdivision or resubdivision. In the past, when the defendant had used Sullivan's services, Sullivan was not in the field crew that did the actual survey field work, but he supervised the work and signed the resulting survey.
In fact, Sullivan had sold his firm to Looram Engineering, Inc. in December 1990. A trade name certificate filed in the Branford Town Clerk's Office indicates that Sullivan Engineering Associates was, as of December 14, 1990, the trade name of Looram Engineering, Inc. As part of the sale, Sullivan had a contractual relationship with Looram Engineering Associates by which he agreed to perform some services each month.
When Sullivan met with the defendant, Sullivan did not indicate that he no longer owned and operated Sullivan Engineering Associates nor that he was agreeing to perform the requested work on behalf of anyone else. The defendant had no knowledge of the sale of the business and assumed that he was contracting with Richard Sullivan, the same person he had worked with previously. The first time the defendant knew that Sullivan regarded the contract for services as a contract not with him but CT Page 4713 with the new owner of his firm was when he met with Sullivan to complain about the way in which the job had been done and to question the amount of the bill.
Until the dispute over performance arose, the defendant had no knowledge of the existence of Michael Looram or Looram Engineering, Inc. While the surveying work was in progress, the defendant asked Sullivan whether the survey crew he had seen on his property were Sullivan's employees or whether they were subcontractors. Sullivan advised him that they were "employees" without indicating that they were not Sullivan's employees but the employees of the entity to which he had sold the business. In fact, Sullivan was serving as the supervising surveyor of a field crew employed by the firm. When the defendant refused to pay any part of the bill rendered, a mechanic's lien against the property surveyed was filed by "Michael E. Looram doing business as Sullivan Engineering Associates." (Ex. B)
With regard to contracts to convey real property, "it is the general rule that an undisclosed principal may at any time appear in his true character and claim all the benefits of an agreement from the other contracting parties since the contract of an agent is in law the contract of the principal." Robert Lawrence Associates, Inc. v. DelVecchio, 178 Conn. 1, 13 (1978); 2 Restatement (Second), Agency 302, 1A Corbin, Contracts 355.
The same principle applies to the contract at issue.
The defendant, with the hindsight of his dissatisfaction with the cost and the services rendered, testified that if he had known that Sullivan was acting on behalf of another entity he would not have entered into the contract at issue. He did not, however, state any such reservation to Sullivan at the time of entering into the contract. Unless an agent actually misrepresents that he is not acting for a principal, the fact that the principal is not mentioned does not enable the other party to rescind when he learns of the undisclosed principal. 2 Restatement (Second), Agency 304 (Comment). No evidence was presented to suggest that Sullivan knew that the defendant would not have entered into the transaction if he knew that Sullivan Engineering Associates was owned by a new entity.
The Restatement (Second) of Agency provides at 309 that
"[a]cts done or offered to be done by an CT Page 4714 undisclosed principal which, if performed by a person other than the agent, are not substantially those which the contract contemplates, are not effective as a performance or as a tender of performance of the contract.
If the defendant's contract had been with Sullivan individually or with Sullivan Engineering Associates, if owned by Sullivan, the performance he would have received, according to the testimony presented, would have been the work of a surveying crew and drafting crew that would have been checked and supervised by Sullivan as the licensed surveyor in the firm. This is precisely what he received. The Comment to 309 of the Restatement of Agency, cited above, makes clear that even when personal services are at issue, if an assignee or undisclosed principal tenders substantially what was agreed to, and if there has been no notice of unwillingness to deal with the principal, the performing principal is entitled to enforce the contract for compensation.
The court does not find that the performance tendered was different from the performance requested by the defendant of Sullivan.
While the court concludes that the defendant is liable to an undisclosed principal who performed the work requested of Sullivan, the evidence does not support a finding that Michael E. Looram, the party who has invoked the contract as plaintiff, was in fact the undisclosed principal on whose behalf Sullivan was acting when he entered into the contract with the defendant. Rather, the evidence indicates that Sullivan was acting on behalf of the owner of Sullivan Engineering Associates, a corporation known as Looram Engineering, Inc. No evidence was presented to prove that the corporation, which had identified itself as the operator of Sullivan Engineering Associates in the trade name certificate mentioned above, had ever ceased to exist as a legal entity, or that, at the time Sullivan entered into the contract with the defendant, his principal was Michael Looram operating as a proprietorship rather than as the president of Looram Engineering, Inc., or that the corporation had assigned the contract to Looram as an individual. The defendant has filed a denial of the paragraph of the complaint that asserts that he entered into a contract with "Michael E. Looram d/b/a Sullivan Engineering Associates." CT Page 4715
Accordingly, since this suit is brought by a plaintiff who has not been proved to be the undisclosed principal on whose behalf Sullivan entered into the contract with the defendant, the named plaintiff has not demonstrated that he had an enforceable contract with the defendant, either directly or as an undisclosed principal; and judgment shall enter in favor of the defendant as to the claim of Michael E. Looram, d/b/a Sullivan Engineering Associates, for breach of contract.
Likewise, since the court finds that the plaintiff has not demonstrated that he, rather than Looram Engineering, Inc., has a "claim . . . by virtue of an agreement with or by consent of the owner of . . . the plot of land being improved or subdivided. . ." as required by 49-33 C.G.S., the mechanic's lien statute, the court finds that the mechanic's lien he filed against the defendant's property on September 8, 1992 is invalid and he cannot prevail on a claim for its foreclosure.
In summary, judgment shall enter in favor of the defendant as to the contract claim and action for foreclosure of the mechanic's lien filed by Michael E. Looram doing business as Sullivan Engineering Associates.
Beverly J. Hodgson Judge of the Superior Court